**Vauclain Trust**

*W. Wesley Nagle,* of *Morgan, Lewis & Bockius,* for accountant.

*Carol J. Armstrong,* of *Pepper, Hamilton & Scheetz,* for income beneficiaries.

TAXIS, P. *J.,* September 25, 1975.—The first account of The Fidelity Bank (formerly Fidelity-Philadelphia Trust Company), trustee, was examined and audited by the court on September 2, 1975.

The reason for the filing of the present account is the death of Mary V. Abbott on December 15, 1974. The trust continues.

The account shows a balance of principal and income of $222,236.67, the principal has been revalued as of April 18, 1975, in the sum of $383,-279.74, composed of the securities set forth on page 2 of the account, and cash.

The estate presently before the court is not subject to transfer inheritance tax.

All parties having or claiming any interest in the trust, of whom the accountant has notice or knowledge, are stated to have received written notice of the audit in conformity with the rules of court.

Four questions have been submitted to the court, but preliminarily the question of venue must be ruled upon. Samuel M. Vauclain, the settlor, died a resident of Delaware County and that was his residence at the time he executed the present irrevocable deed of trust. The question then is whether venue lies in Montgomery County. The court is satisfied that venue lies in this county for the reason that The Fidelity Bank, as sole trustee, has a number of branch offices in Montgomery County which makes Montgomery County an appropriate forum for this accounting. In section 724(b)(1)(i)

and (ii) of the Probate, Estates and Fiduciaries Code of June 30, 1972, P. L. 508 (No. 164), 20 Pa. C. S. 724(1)(i) and (ii), it is provided in the case of a resident settlor that following the settlor's death venue lies "in the county in which any trustee resides *or is located.*" Although The Fidelity Bank resides in Philadelphia, for the purpose of this statute it "is located" in Montgomery County by virtue of its branch offices: Warner Trust, 52 D. & C. 2d 336, 21 Fiduc. Rep. 19 (1970), in which Judge Shoyer declined to find venue in Philadelphia where there was a *nonresident* settlor and the attorney resided in Montgomery County but practiced law in Philadelphia. This case is distinguishable for the statutory provision dealing with *nonresident* settlors—section 724(b)(2) of the PEF Code, supra, 20 Pa. C. S. §724(b)(2), which governs the Kempin decision makes no reference to a county in which a trustee "is located."

At page 17 of the account, annual commissions were taken on principal by the trustee from 1955 through 1967 aggregating $10,900, which is less than three percent of the current value of principal. The interim compensation is approved. See section 7185(b) of the PEF Code, supra, 20 Pa. C. S. §7185(b) in that three percent is within permissible limits in connection with ultimate principal compensation when this trust terminates.

On page 32 of the account, the trustee on December 15, 1948 received a two percent stock dividend on shares of Socony Vacuum Oil Co., Inc. which the trustee transferred to income pursuant to Nirdlinger's Estate, 331 Pa. 135, 200 Atl. 656 (1938), and related cases. The court finds that such distribution was made in good faith under what was then stated to be the law. In such circumstances, Catherwood Trust, 405 Pa. 61, 173 A.2d 86 (1961), will not be

applied retroactively. This transfer to income is approved.

On page 33 of the account, the trustee received two percent stock dividends on stock of the Texas Company, later Texaco, Inc., in December 1957, December 1959 and December 1960, which the trustee transferred to income on June 1966 in reliance on the Supreme Court's decision in Pew Trust, 411 Pa. 96, 191 A.2d 399 (1963), which was then the law of Pennsylvania. Pew Trust was overruled prospectively only in Tyler Trusts, 447 Pa. 40, 289 A.2d 441 (1972). These transfers to income are, therefore, approved.

The question has been raised whether the separate shares or separate trusts should be set aside for the life tenant's three daughters. The trustee believes that separate trusts were intended by the settlor, and the court is satisfied that separate trusts were intended and rules that the principal of this trust is to be divided into three equal shares to be held as separate trusts for the benefit of the life tenant's three daughters and their issue with appropriate cross remainders.

Subject to the views expressed in this adjudication and subject to distributions heretofore properly made, the net ascertained balances are awarded as set forth under rider attached to the last paragraph of the petition for adjudication.

Counsel for accountant shall file a schedule of distribution in duplicate.

The account is confirmed, and it is hereby ordered and decreed that The Fidelity Bank (formerly Fidelity-Philadelphia Trust Company), trustee, as aforesaid, forthwith pay the distributions herein awarded.

And now, September 25, 1975, this adjudication is confirmed nisi.